**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4042**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSHUA FREDERICK DAVIS,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Richard Mark Gergel, District Judge.  (2:16-cr-00381-RMG-1)

Submitted:  January 17, 2019                                      Decided:  February 6, 2019

Before MOTZ, DUNCAN, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael B. Hanzel, THE HANZEL LAW FIRM, Mount Pleasant, South Carolina, for Appellant.  Sherri A. Lydon, United States Attorney, Columbia, South Carolina, Nick Bianchi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On December 28, 2015, a police officer recovered narcotics, a digital scale, and substantial amounts of cash from Joshua Frederick Davis during a traffic stop in Moncks Corner, South Carolina. Based on this evidence, the officer obtained a search warrant for Davis's residence, where police found additional narcotics and two handguns. In the criminal prosecution that followed, Davis moved to suppress the evidence, arguing that the officer's actions during the stop violated the Fourth Amendment. After a thorough hearing, the district court denied suppression. For the reasons that follow, we affirm.

We review the district court's legal determinations de novo and its findings of fact for clear error. *United States v. Branch*, 537 F.3d 328, 337 (4th Cir. 2008). We construe the evidence in the light most favorable to the party that prevailed in the district court — here, the Government. *Id.*

Through that lens, the facts are as follows. In December of 2015, a private citizen confidentially informed Sgt. Nate Rollins that Davis "supplie[d] multi-kilogram quantities of high quality crystal methamphetamine in the Berkeley, Dorchester and Charleston Counties of South Carolina." The informant's detailed tip included a description of Davis's residence and vehicles. To investigate, Sgt. Rollins parked his vehicle outside of Davis's home on December 28. When Davis drove out in a red Ford Fusion that matched the informant's description, Sgt. Rollins followed.

Sgt. Rollins noticed that Davis's windows were tinted in violation of S.C. Code Ann. § 56-5-5015(E) and initiated a traffic stop. He directed Davis to exit the vehicle. Sgt. Rollins observed what appeared to be marijuana on Davis's shirt; noted that Davis

2

was smoking a freshly-lit cigarette; and saw that he was avoiding eye contact, breathing heavily, and shaking his hands uncontrollably.

Sgt. Rollins then called for back-up. After additional officers arrived on the scene, he frisked Davis. Sgt. Rollins questioned Davis about a bulge in his left pocket, and Davis volunteered that it was money. Sgt. Rollins requested that Davis pull it out, and he obliged, revealing $8,185 in cash.

Sgt. Rollins informed Davis that he would conduct a drug sniff around the Ford Fusion with his certified dog. After removing Davis's own pet dog from the vehicle, Sgt. Rollins and the drug sniffing dog walked around it twice. While passing the driver's side door on the first rotation, the dog paused and looked towards the door; on the second pass, the dog jumped at the door three times.

After informing Davis that the drug sniffing dog had "alerted," Sgt. Rollins proceeded to search the Ford Fusion. He observed what he believed to be additional marijuana particles on the floorboard. Sgt. Rollins then searched Davis's person again. This search uncovered approximately 12 grams of powder cocaine, 19 grams of cocaine base, 94 grams of methamphetamine, and a digital scale with drug residue. Sgt. Rollins arrested Davis and procured a search warrant for his residence, where officers uncovered an additional 501 grams of methamphetamine, a loaded Ruger P90 .45-caliber pistol, and an Arminius .38-caliber revolver.

On appeal, Davis raises five claims. First, he contends that Sgt. Rollins's frisk was unsupported by reasonable suspicion. But an officer may execute a frisk during a traffic stop if he "reasonably suspect[s] that the person stopped is armed and dangerous."

3

*Arizona v. Johnson*, 555 U.S. 323, 327 (2009). And because "guns often accompany drugs," we have held that "when the officer has a reasonable suspicion that illegal drugs are in the vehicle," he may "order the occupants out of the vehicle and pat them down briefly for weapons." *United States v. Sakyi*, 160 F.3d 164, 169 (4th Cir. 1998). Here, Sgt. Rollins — an experienced officer — had received a detailed tip that Davis was distributing methamphetamine. He also believed Davis was trying to mask the odor of drugs with cigarette smoke, observed Davis grow increasingly nervous, and noticed what he thought to be marijuana on Davis's shirt. We cannot say that the district court erred in finding the frisk supported by reasonable suspicion. *See Branch*, 537 F.3d at 338–39.[*]

Second, Davis argues that Sgt. Rollins lacked reasonable suspicion to extend the traffic stop for a dog sniff. *See United States v. Williams*, 808 F.3d 238, 245–46 (4th Cir. 2015). But as we have held, Sgt. Rollins reasonably suspected that Davis had illegal narcotics in his vehicle. If Sgt. Rollins had reasonable suspicion even before the frisk, he undoubtedly had it after additionally realizing that Davis was carrying thousands of dollars in cash.

---

[*] Davis also contends that suppression is required because Sgt. Rollins did not execute the frisk until over six minutes into the traffic stop. But Sgt. Rollins testified, reasonably, that he waited for back-up to arrive as a safety precaution. Davis further alleges that Sgt. Rollins improperly retrieved cash during the frisk — but it was Davis, not Sgt. Rollins, who willingly produced the cash from his own pocket. Finally, Davis disputes whether Sgt. Rollins observed any material that appeared to be marijuana. But the district court found Sgt. Rollins's testimony credible. We owe "particular deference" to this credibility determination, *United States v. Patiutka*, 804 F.3d 684, 689 (4th Cir. 2015) (alterations omitted), and the record does not provide us with a basis to second-guess it.

4

Third, Davis disputes whether the drug sniffing dog "alerted." This issue was thoroughly aired at the suppression hearing, with experts testifying on both sides. Davis's expert opined that the dog's actions did not amount to a reliable indicator of drugs, and he expressed concern that Sgt. Rollins had cued the dog with his hand. The Government's expert countered that the dog's actions constituted a clear and reliable indication of the presence of drugs. After hearing this live testimony, the district court found Davis's expert not credible and determined that the dog alerted to the presence of narcotics. Again, the record does not provide us with a basis to revisit the court's determination. *See Patiutka*, 804 F.3d at 689.

Fourth, Davis claims that the second, more intrusive search of his person was not justified by probable cause. We disagree. By this point, Sgt. Rollins had received a highly detailed tip; observed Davis's smoking, nervousness, and apparent marijuana residue on his shirt; recovered thousands of dollars of cash from his pocket; conducted a fruitful dog sniff of the exterior of his vehicle; and found apparent marijuana particulate matter inside the vehicle. We conclude that Sgt. Rollins had probable cause to believe Davis was carrying drugs on his person. *Cf. Florida v. Harris*, 568 U.S. 237, 246–47 (2013) (holding that certified drug sniffing dog's alert presumptively provides probable cause to search).

Finally, Davis asserts that the evidence recovered pursuant to the warrant must be suppressed as the "fruit of the poisonous tree." *Wong Sun v. United States*, 371 U.S. 471, 488 (1963). Because we find no Fourth Amendment violation, we reject this final claim.

Thus, we affirm the district court's denial of Davis's suppression motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*